IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10871
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BARBARA STONE,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CR-26-01-C
---------------------
May 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

   Barbara Stone challenges her sentence from her guilty-plea conviction for theft of government property. She challenges the district court's ruling concerning acceptance of responsibility. See U.S.S.G. § 3E1.1(a).

   Stone argues that the district court, in declining to adjust her sentence for acceptance of responsibility, erroneously applied a per se approach, specifically, that a violation of the conditions for pretrial release automatically disentitles a defendant from the two-level adjustment. Her argument is

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unpersuasive.  Our review of the sentencing hearing does not lead to the same characterization of the court's ruling as that which Stone contends.

Stone also argues that the court failed to make a finding that her violations of her bond conditions were willful violations.  Her argument is at odds with the burden placed on the defendant to demonstrate clearly acceptance of responsibility.  See <u>United States v. Thomas</u>, 120 F.3d 564, 574-75 (5th Cir. 1997); § 3E1.1(a).  The district court found that Stone was not entitled to the adjustment, and that finding is not without foundation.  See <u>United States v. Anderson</u>, 174 F.3d 515, 525 (5th Cir. 1999); <u>United States v. Hooten</u>, 942 F.2d 878, 883 (5th Cir. 1991).

AFFIRMED.